**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE BLUE APRON HOLDINGS, INC. SECURITIES LITIGATION | No. 17-cv-04846-WFK-PK |
|  | This Document Relates To: ALL ACTIONS |

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Stipulation"), dated as of November 12, 2020, which is entered into by and among (i) Lead Plaintiffs Christina Davis, Sanzhar Khussainov, Stephen Waugh, and Susan Finkel (collectively, "Plaintiffs" or "Lead Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class (as defined herein); (ii) Defendant Blue Apron Holdings, Inc. ("Blue Apron" or the "Company"); and (iii) Defendants Matt Salzberg, Bradley Dickerson, Benjamin C. Singer, Julie M.B. Bradley, Tracy Britt Cool, Kenneth A. Fox, Robert P. Goodman, Gary R. Hirshberg, and Brian P. Kelley (collectively, the "Individual Defendants" and, together with Blue Apron, "Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Eastern District of New York ("Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A.    The Action**

On August 17, 2017, plaintiff Rustem Nurlybayev commenced an action in this Court

-1-

styled *Nurlybayev v. Blue Apron Holdings, Inc.*, No. 17-cv-04846-WFK-PK (E.D.N.Y.), on behalf of all persons who purchased or otherwise acquired Blue Apron securities pursuant or traceable to the Company's initial public offering on or about June 29, 2017 ("IPO"). The *Nurlybayev* action asserted claims for violation of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act") against Defendants and several additional defendants.

On August 21, 2017, plaintiff Ahmed Chaudhry commenced a substantially similar action in the U.S. District Court for the District of New Jersey, styled *Chaudhry v. Blue Apron Holdings, Inc.*, No. 17-cv-06295 (D.N.J.), alleging violations of Sections 11 and 15 of the Securities Act against Defendants and several additional defendants. The *Chaudhry* Action was dismissed on December 20, 2017.

On August 25, 2017, plaintiff Joseph Ivan commenced a substantially similar action in this Court, styled *Ivan v. Blue Apron Holdings, Inc.*, No. 17-cv-05021 (E.D.N.Y.), alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act against Defendants and several additional defendants.

On August 25, 2017, plaintiff David Speiser commenced a substantially similar action in the U.S. District Court for the Southern District of New York, styled *Speiser v. Blue Apron Holdings, Inc.*, No. 17-cv-06517 (S.D.N.Y.), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Sections 11 and 15 of the Securities Act against Defendants and several additional defendants. The *Speiser* Action was voluntarily dismissed on October 3, 2017.

On October 20, 2017, the Court consolidated the *Nurlybayev* and *Ivan* actions into *In re Blue Apron Holdings, Inc. Securities Litigation*, No. 17-cv-04846-WFK-PK (E.D.N.Y.) ("Action"). On December 15, 2017, the Court appointed Davis, Khussainov, Waugh, and Finkel

as Lead Plaintiffs and appointed Pomerantz LLP and the Rosen Law Firm P.A. as Lead Counsel.

On February 27, 2018, Lead Plaintiffs filed the amended class action complaint, asserting claims for violation of Sections 11 and 15 of the Securities Act against Defendants.

On May 21, 2018, Defendants moved to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed an opposition on July 12, 2018, and Defendants filed a reply on August 13, 2018.

By order dated April 22, 2020, the Court denied Defendants' motion to dismiss. Defendants answered the amended complaint on July 22, 2020.

### B.    The Settlement

On August 11, 2020, the Settling Parties attended a mediation session with Mr. Jed E. Melnick, Esq. of JAMS. A settlement in principle was reached on August 11, 2020, the substantive terms of which were memorialized in the Settlement Term Sheet dated August 14, 2020.

### C.    Defendants' Denial of Wrongdoing and Liability

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever that have or could have been asserted in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Plaintiffs, as well as the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing

and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by either Defendants or any of the Released Defendant Parties with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability, or damages whatsoever.

**D.      Claims of Plaintiffs and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action have merit.  Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation.  In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and trial.  Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by Plaintiffs with respect to the merits of any of Defendants' defenses.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully

compromised, settled, and released, the Action shall be dismissed fully, finally, and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

**1.     Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**   "Action" means the putative class action captioned *In re Blue Apron Holdings, Inc. Securities Litigation*, Case No. 17-cv-04846 (E.D.N.Y.).

**1.2.**   "Additional Plaintiffs' Counsel" means Bronstein, Gewirtz & Grossman, LLC, Shaye Fuchs, Esq., Wolf Haldenstein Adler Freeman & Herz LLP, and Bottini & Bottini, Inc.

**1.3.**   "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 8.2) to the Authorized Claimants. Such costs do not include legal fees.

**1.4.**   "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.5.**   "Award to Plaintiffs" means the requested award to Lead Plaintiffs to compensate them for their time and contributions to the action. and for their reasonable costs and

expenses (including lost wages), directly related to Lead Plaintiffs' representation of the Settlement Class in the Action.

     **1.6.**   "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

     **1.7.**   "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

     **1.8.**   "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

     **1.9.**   "Claims Administrator" means A.B. Data, Ltd. ("A.B. Data"), which shall administer the Settlement.

     **1.10.**   "Common Stock" means the shares of Blue Apron Class A common stock.

     **1.11.**   "Defendants" means Blue Apron, Matt Salzberg, Bradley Dickerson, Benjamin C. Singer, Julie M.B. Bradley, Tracy Britt Cool, Kenneth A. Fox, Robert P. Goodman, Gary R. Hirshberg, and Brian P. Kelley.

     **1.12.**   "Defense Counsel" means Wilmer Cutler Pickering Hale and Dorr LLP.

1.13.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.14.    "Escrow Agent" means Huntington National Bank. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.15.    "Effective Date" shall have the meaning set forth in ¶ 11.3 of this Stipulation.

1.16.    "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1, or shall affect or delay the date on which the Final Judgment becomes Final.

1.17.    "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as **Exhibit B**.

1.18.    "Insurers" means, collectively, the primary and excess insurers under director and officer liability policies under which Blue Apron Holdings, Inc. was covered, for the

period June 28, 2017 through June 28, 2018.

**1.19.** "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriters have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any of the Underwriters alone or together with its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

**1.20.** "IPO" means Blue Apron's Initial Public Offering held on or about June 29, 2017.

**1.21.** "Lead Plaintiffs" or "Plaintiffs" means Christina Davis, Sanzhar Khussainov, Stephen Waugh, and Susan Finkel.

**1.22.** "Lead Counsel" means Pomerantz LLP and The Rosen Law Firm, P.A.

**1.23.** "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Securities Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as **Exhibits A-1, A-3, and A-4** on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

**1.24.** "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

**1.25.** "Person" means an individual, corporation, fund, limited liability

-8-

corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.26. "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.27. "Plaintiffs' Counsel" means Lead Counsel and Additional Plaintiffs' Counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of Plaintiffs and the Settlement Class in the Action.

1.28. "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class, materially in the form attached hereto as **Exhibit A**.

1.29. "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as **Exhibit A-2**.

1.30. "Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers, agents, and Underwriters of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former, and future direct and indirect parents, subsidiaries,

-9-

divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them.

1.31.  "Released Claims" means and includes any and all Released Plaintiffs' Claims and Released Defendants' Claim, as defined herein.

1.32.  "Released Defendants' Claims" means and includes any and all Claims and Unknown Claims (as defined herein) that could have been asserted against any of the Released Plaintiff Persons arising out of, based upon, or relating in any way to the institution, prosecution, or settlement of the Action. Notwithstanding the foregoing, "Released Defendants' Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.33.  "Released Plaintiffs' Claims" means and includes any and all Claims and Unknown Claims (as defined herein) that have been or could have been asserted by or on behalf of any of the Releasing Plaintiff Parties, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of Blue Apron Common Stock during the Settlement Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness or such disclosures). Notwithstanding the foregoing, "Released Plaintiffs' Claims" does not include (i) claims in any shareholder derivative action on behalf of Blue Apron; or (ii) claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement. For avoidance of doubt, while the definition of "Released Plaintiffs' Claims" does not

include claims in any shareholder derivative action, such claims may still be covered by the bar order set forth in below in ¶ 7.1.

     **1.34.**  "Released Parties" means any and all Released Defendant Parties and Released Plaintiff Parties.

     **1.35.**  "Released Defendant Parties" means Defendants Blue Apron, Matt Salzberg, Bradley Dickerson, Benjamin C. Singer, Julie M.B. Bradley, Tracy Britt Cool, Kenneth A. Fox, Robert P. Goodman, Gary R. Hirshberg, and Brian P. Kelley, and each and all of their Related Parties, including all of Blue Apron's current and former officers, directors, employees, and Underwriters.

     **1.36.**  "Released Plaintiff Parties" means Plaintiffs and Settlement Class Members, and each and all of their Related Persons.

     **1.37.**  "Releasing Parties" means any and all Releasing Defendant Parties and Releasing Plaintiff Parties.

     **1.38.**  "Releasing Defendant Parties" means jointly and severally, individually and collectively, Defendants Blue Apron, Matt Salzberg, Bradley Dickerson, Benjamin C. Singer, Julie M.B. Bradley, Tracy Britt Cool, Kenneth A. Fox, Robert P. Goodman, Gary R. Hirshberg, and Brian P. Kelley, and each and all of their Related Parties, including all of Blue Apron's current and former officers, directors, and employees.

     **1.39.**  "Releasing Plaintiff Parties" means jointly and severally, individually and collectively, Plaintiffs, each and every Settlement Class Member, each of their respective present, former, and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives,

and agents, and any person or entity which is or was related to or affiliated with any Releasing Plaintiff Party or in which any Releasing Plaintiff Party has a controlling interest, and each of their respective immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates.

1.40.   "Settlement" means the settlement contemplated by this Stipulation.

1.41.   "Settlement Amount" means the sum of $13,250,000 (thirteen million two hundred fifty thousand U.S. dollars).  The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Lead Plaintiffs (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.42.   "Settlement Class" means all persons who purchased or acquired Blue Apron class A Common Stock during the Settlement Class Period, except that excluded from the Settlement Class are: (i) Defendants, current and former officers and directors of Blue Apron; (ii) the Blue Apron IPO underwriters and their subsidiaries, provided, however, that any Investment Vehicle should not be excluded from the class; (iii) beneficiaries and participants in Blue Apron's employee retirement or benefit plan(s) to the extent they purchased Blue Apron Common Stock through any such plan(s); (iv) any entity in which Defendants have or had a controlling interest; (v) immediate family members of any excluded Person; (vi) the legal representatives, heirs, successors, or assigns of any Person excluded; and (vii) Persons who have no compensable damages.

1.43.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.44.   "Settlement Class Period" means the period from June 29, 2017 through

-12-

August 25, 2017, both dates inclusive.

      **1.45.**   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

      **1.46.**   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable, and adequate, and, therefore, should receive final approval from the Court.

      **1.47.**   "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants and Plaintiffs (on behalf of themselves and the Settlement Class).

      **1.48.**   "Underwriters" means any and all entities that served as underwriters for any issuance of Blue Apron Common Stock, including but not limited to the following entities, which served as underwriters for the IPO: Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Barclays Capital Inc., RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Stifel, Nicolaus & Company, Incorporated, Canaccord Genuity Inc., Needham & Company, LLC, Oppenheimer & Co. Inc., Raymond James & Associates, Inc., and William Blair & Company, L.L.C.

      **1.49.**   "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties.  This includes claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement.  The Settling Parties expressly

acknowledge, and the Releasing Parties by operation of the Judgment shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

The Settling Parties and Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties expressly, fully, finally, and forever settle and release, and each other Releasing Party and Released Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## 2.    The Settlement Consideration

2.1.    In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, Defendants agree to pay, or have paid on their behalf, the Settlement Amount to be funded, by wire transfer or check, into the Escrow Account within thirty (30) days after entry of the Preliminary Approval Order, provided that Lead Counsel

or the Escrow Agent has provided Defense Counsel with complete wire and transfer information and instructions and a completed Form W-9 at least fifteen (15) days prior to the date of such payment.

      **2.2.**    Under no circumstances will Defendants or any of their Insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

    **3.**      **Handling and Disbursement of Funds by the Escrow Agent**

      **3.1.**    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

          (a)     As provided in ¶ 3.4 below;

          (b)     As provided in ¶ 8.2 below;

          (c)     As provided in ¶ 11.9 below, if applicable; and

          (d)     To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Co-Agents without prior Order of the Court.

      **3.2.**    The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these

instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties and the Insurers. Defendants, their counsel, their Insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

**3.4.**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $250,000 (two hundred fifty thousand U.S. dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to $100,000.00 (one hundred thousand U.S. dollars), may be transferred from the Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

**4.    Taxes**

**4.1.**    The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Plaintiffs' Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in

compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of Plaintiffs' Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their designee.  Plaintiffs' Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)     All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, their Insurers, and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and

considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.      Preliminary Approval Order, Notice Order, and Settlement Hearing**

      **5.1.**      As soon as practicable after execution of this Stipulation, Plaintiffs' Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the mailing and dissemination of notice. The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set for in: (i) the Long Notice **(Exhibit A-1)**; (ii) the Proof of Claim **(Exhibit A-2)**; (iii) the Summary Notice **(Exhibit A-3)**; and (iv) the Postcard Notice **(Exhibit A-4)**. The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before they are disseminated or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Plaintiffs' Counsel's proposed Plan

of Allocation.

      **5.2.**    At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of **Exhibit B** hereto, as promptly after the Settlement Hearing as possible.

      **6.**    **Releases, Injunctions, and Covenants Not to Sue**

      **6.1.**    Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties.  Nothing contained herein shall, however, release or bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment, and nothing herein shall release or bar any claims by Defendant Released Parties for any insurance coverage, indemnity, or advancement.

      **7.**    **Contribution Bar Order**

      **7.1.**    The Settling Parties shall request that the Court enter a Contribution Bar

Order in the Final Order and Judgment as follows:  To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. For avoidance of doubt, the foregoing language bars the claims for contribution under Section 11 of the Securities Act asserted in the action captioned *Peters v. Salzberg*, No. 1:20-cv-02627-ERK (E.D.N.Y.). The foregoing text (beginning with the colon) shall be referred to herein as the "Bar Order."  For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement by any Defendant Released Person.

## 8.   Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

**8.1.**   Under the supervision of Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

**8.2.**   The Settlement Fund shall be applied as follows:

(a)     To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

(b)     To pay Administrative Costs;

(c)     To pay Plaintiffs' Counsel attorneys' fees with interest and expenses as well as to pay an Award to Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Application"), to the extent allowed by the Court, detailed in ¶ 9.1 below; and,

(d)     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 8.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**8.3.**     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

**8.4.**     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the Insurers. Defendants, their counsel, their Insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Plaintiffs' Counsel shall have the right, but not the obligation, to waive what

they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

      **8.5.**    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

      **8.6.**    To assist in dissemination of notice, Blue Apron will cooperate in obtaining from the Company's transfer records information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records ("Settlement Class Information"). Provided, however, that nothing herein shall require Blue Apron to make efforts to identify Settlement Class Members other than record holders. The Company shall provide, or cause to be provided, to Plaintiffs' Counsel or the Claims Administrator, at no cost to Plaintiffs, within fourteen (14) calendar days after the execution of this Stipulation and Agreement of Settlement, transfer records in electronic searchable form, such as Excel, containing the Settlement Class Information. The Settling Parties acknowledge that any information provided to Plaintiffs' Counsel by the Company pursuant to this Paragraph shall be treated as confidential and will be used by Plaintiffs' Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

**8.7.** If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $15.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Plaintiffs' Counsel, with the approval of the Court.

## 9. Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses

**9.1.** Plaintiffs' Counsel may submit a Fee and Expense Application(s) for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application(s).

**9.2.** Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within ten (10) calendar days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is

terminated for any other reason, then Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund. Plaintiffs' Counsel agree that the law firms and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firms should they fail timely to repay fees and expenses pursuant to this paragraph. Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.

9.3.    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

9.4.    Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel or Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the

settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses or other awards to Lead Plaintiffs beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**10.    Class Certification**

**10.1.** In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Lead Plaintiffs as the class representatives, (ii) the appointment of Plaintiffs' Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**11.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

**11.1.** Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) business days of:

(i)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

-25-

(ii)     entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Bar Order in any material respect;

(iv)    entry of a Court order declining to enter the Final Judgment in any material respect;

(v)     entry of a Court order refusing to dismiss the Action with prejudice;

(vi)    entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; or

(vii)    failure on the part of any Settling Party to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated in the preceding sentence, ¶11.2, ¶ 11.5, or ¶ 11.6, no Party shall have the right to terminate the Stipulation for any reason.

**11.2.**    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, shall have the right to: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**11.3.**    The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

(a)     Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 11.5;

-26-

(b)     The Court has entered the Preliminary Approval Order attached hereto as **Exhibit A** or an order containing materially the same terms;

(c)     The sum of $13,250,000 (thirteen million two hundred fifty thousand U.S. dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1;

(d)     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

(e)     The Court has entered the Bar Order.

(f)     The Final Judgment has become Final as defined in ¶ 1.16; and

(g)     The Action has been dismissed with prejudice.

**11.4.**    Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**11.5.**    If, prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), or requests for exclusion that are otherwise accepted by the Court, and such Persons in the aggregate purchased Common Stock during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties ("Supplemental Agreement"), then Blue Apron shall have, each its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter, the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its

interpretation or application arises, or if the Court otherwise requests such filing.

      **11.6.**   Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

      **11.7.**   In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to August 14, 2020, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

      **11.8.**   In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

      **11.9.**   In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to

be chargeable) shall be refunded by the Escrow Agent to the Insurers and Blue Apron, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the Insurers. At the request of Blue Apron or the Insurers, the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Blue Apron or the Insurers pursuant to written direction from the Insurers.

**11.10.** No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

## 12. No Admission of Liability or Wrongdoing

**12.1.** The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption, or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the

-29-

negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

**13.    Miscellaneous Provisions**

**13.1.**    Except in the event of the filing of a Termination Notice pursuant to ¶¶ 11.1, 11.2, 11.5, or 11.6 of this Stipulation or termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**13.2.**    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**13.3.**    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**13.4.**    Plaintiffs and Plaintiffs' Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

**13.5.**    This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties, and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

**13.6.**    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**13.7.**    This Stipulation shall be binding upon, and shall inure to the benefit of, the

Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**13.8.**   The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**13.9.**   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**13.10.**   This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**13.11.**   This Stipulation, the Settlement, the Supplemental Agreement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**13.12.**   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. The Court shall retain exclusive jurisdiction to enforce all injunctions set forth herein.

**13.13.**   The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

-32-

**13.14.** Plaintiffs, Plaintiffs' Counsel, Defendants, Defense Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

**13.15.** All agreements by, between, or among the Settling Parties, their counsel, and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**13.16.** The Settling Parties shall not assert or pursue any action, claim, or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with this Action, the Settlement, the Stipulation, or the Supplemental Agreement. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

**13.17.** Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the

provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**13.18.**  The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**13.19.**  Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, the Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel as to completion of such service. Defendants shall pay the costs of providing CAFA notice.

**13.20.**  The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: November 12, 2020

**POMERANTZ LLP**

By: _____
Jeremy A. Lieberman
Murielle J. Steven Walsh
Eric D. Gottlieb
600 Third Avenue, Floor 20
New York, New York 10016

*Lead Counsel for Plaintiffs*

Dated: November 12, 2020

**THE ROSEN LAW FIRM, P.A.**

By: _____

Laurence M. Rosen
Phillip Kim
Joshua Baker
275 Madison Avenue, 40th Floor
New York, New York 10016

*Lead Counsel for Plaintiffs*

Dated: November 12, 2020

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

By: *Michael Bongiorno* / JTA

Michael G. Bongiorno
Jeremy T. Adler
7 World Trade Center
250 Greenwich Street
New York, New York 10007

Timothy J. Perla
60 State Street
Boston, Massachusetts 02109

*Counsel for Defendants*

-35-