EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE BLUE APRON HOLDINGS, INC. SECURITIES LITIGATION | ) ) ) ) ) ) | No. 17-cv-04846-WFK-PK<br><br>This Document Relates To: ALL ACTIONS |

# NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased Class A Common Stock of Blue Apron Holdings, Inc. ("Blue Apron" or the "Company") during the period from June 29, 2017 through August 25, 2017, both dates inclusive ("Settlement Class Period"),[1, 2] you could get a payment from a proposed class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide thirteen million two hundred fifty thousand dollars ($13,250,000) ("Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Blue Apron Class A Common Stock during the Settlement Class Period.

- The Settlement represents an estimated average recovery of $0.44 per share of Blue Apron for the approximately 30 million shares outstanding at the end of the Settlement Class Period.[3] A share may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per outstanding share of Blue Apron Class A Common Stock. The indicated average recovery per share will be the

---

[1] In June 2017, Blue Apron conducted its initial public offering, in which the Company issued and sold 30,000,000 shares of its Class A Common Stock at a public offering price of $10.00 per share (the "IPO"). Shares of the Company's Class A Common Stock began trading on the NYSE on June 29, 2017 under the ticker symbol "APRN."

[2] On June 17, 2019, the Company's Class A Common Stock underwent a reverse stock split at a ratio of 1-for-15. Herein, unless otherwise noted, references to prices and amounts of the Company's Class A Common Stock are *not* adjusted for the June 2019 reverse stock split.

[3] Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Blue Apron's Class A Common Stock that were purchased or acquired during the Settlement Class Period that may have been affected by the conduct at issue in this action, the Settlement represents an estimated average recovery of $0.31 per eligible share of Blue Apron (before the deduction of any Court-approved fees, expenses and costs as described herein).

total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Blue Apron Class A Common Stock, and the total number of claims filed.

- Attorneys for Plaintiffs ("Plaintiffs' Counsel") will ask the Court to award them fees of no more than one third plus interest of the Settlement Amount (up to $4,416,666.67, plus interest), reimbursement of litigation expenses of no more than $125,000, and an Award to Lead Plaintiffs collectively not to exceed $40,000 (up to $10,000 each). Collectively, the attorneys' fees and expenses and Award to Lead Plaintiffs are estimated to average $0.15 per share of Blue Apron outstanding as of the end of the Settlement Class Period, or $0.11 per share based on Lead Plaintiffs' damages expert's estimate of the number of shares of Blue Apron's Class A Common Stock that were purchased or acquired during the Settlement Class Period that may have been affected by the conduct at issue in this action. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees and interest and expenses approved by the Court, is an average of $0.29 per outstanding share of Blue Apron Class A Common Stock, or an average of $0.20 per share of Blue Apron Class A Common Stock based on Lead Plaintiffs' damages expert's estimate of the number of shares of Blue Apron's Class A Common Stock that were purchased or acquired during the Settlement Class Period that may have been affected by the conduct at issue in this action. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Blue Apron Class A Common Stock, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Blue Apron and certain of its officers and directors, Matt Salzberg, Bradley Dickerson, Benjamin C. Singer, Julie M.B. Bradley, Tracy Britt Cool, Kenneth A. Fox, Robert P. Goodman, Gary R. Hirshberg, and Brian P. Kelley (collectively, "Defendants") violated federal securities laws, specifically Sections 11 and 15 of the Securities Act of 1933, by allegedly making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission and in other public statements to the investing public concerning Blue Apron's business, operational, and compliance policies. The Settlement also bars any and all claims for contribution or indemnity against any of the Released Parties arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN ________ __, 202__** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _______ __, 202__** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or the other Released Defendant Parties about the legal claims in this case. |
| **OBJECT NO LATER THAN _______ __, 202__** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON _______ __, 202__** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

**INQUIRIES**

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

Blue Apron Holdings, Inc. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173025
Milwaukee, WI 53217
(877) 883-8244
info@BlueApronSecuritiesSettlement.com
**or**

| Plaintiffs' Counsel | |
|---|---|
| Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com | Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Facsimile: (212) 202-3827<br>Email: pkim@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated November 12, 2020 ("Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1. Why did I get this Notice?**

You or someone in your family may have acquired Blue Apron Class A Common Stock between June 29, 2017 through August 25, 2017, both dates inclusive.

**2. What is this lawsuit about?**

The case is known as *In re Blue Apron Holdings, Inc. Securities Litigation*, Case No. 17-cv-04846 (E.D.N.Y.) ("Action"). The Court in charge of the case is the United States District Court for the Eastern District of New York.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning Blue Apron's business, operational, and compliance policies. The Amended Class Action Complaint ("Complaint") alleges that once true facts were disclosed, Blue Apron's share price plummeted. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

**3. Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known

as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4. Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether the alleged disclosures were corrective disclosures; (3) the causes of the loss in the value of Blue Apron Class A Common Stock; and (4) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, there is also a significant risk that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5. How do I know if I am part of the Settlement?**

The Settlement Class consists of those persons who purchased Blue Apron Class A Common Stock during the period from June 29, 2017 through August 25, 2017, both dates inclusive, except that excluded from the Settlement Class are: (i) Defendants,

current and former officers and directors of Blue Apron; (ii) the Blue Apron IPO underwriters and their subsidiaries, provided, however, that any Investment Vehicle should not be excluded from the class; (iii) beneficiaries and participants in Blue Apron's employee retirement or benefit plan(s) to the extent they purchased Blue Apron Common Stock through any such plan(s); (iv) any entity in which Defendants have or had a controlling interest; (v) immediate family members of any excluded Person; (vi) the legal representatives, heirs, successors, or assigns of any Person excluded; and (vii) Persons who have no compensable damages.

**6. Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) Opt-Outs, *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class, and (ii) Defendants, the present and former officers and directors of Blue Apron, and any subsidiary thereof, during the Settlement Class Period, and the immediate family members, legal representatives, heirs, successors, or assigns of such excluded persons, any entity in which any excluded Person has or had a controlling interest, and the Blue Apron IPO underwriters and their subsidiaries, provided, however, that any Investment Vehicle should not be excluded from the class.

**7. I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, A.B. Data, Ltd., by telephone at (866) 274-4004, by email at info@BlueApronSecuritiesSettlement.com, or visit the website at www.BlueApronSecuritiesSettlement.com or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8. What does the Settlement provide?**

**a. What is the Settlement Fund?**

The proposed Settlement provides for Defendants and/or Defendants' insurers to pay thirteen million two hundred fifty thousand dollars ($13,250,000) into a settlement fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a

portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and any Award to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b. What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Blue Apron Class A Common Stock; (iii) the prices of your purchases and sales; (iv) the offering price of the Class A Common Stock in the IPO; (v) when the first complaint was filed in this Action and the price of the shares on such date;[4] (vi) the amount of administrative costs, including the costs of notice; and (vii) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, costs, and expenses and to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the

[4] August 17, 2017 is the date of the earliest complaint filed in this Action. The closing price of Blue Apron Class A Common Stock on August 17, 2017 was $5.39.

Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation, which reflects Plaintiffs' contention that the price of Blue Apron Class A Common Stock declined following disclosure of omitted material information. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing. Section 11 of the Securities Act of 1933 ("Section 11") provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the IPO registration statement. The Recognized Loss calculation assumes that the decline in the price of Blue Apron Class A Common Stock in response to corrective disclosures alleged by Plaintiffs is the only compensable loss. Plaintiffs' Counsel, in consultation with their damages expert, has determined that such disclosures occurred on July 26, 2017, August 10, 2017, and November 2, 2017, and caused the following decline in the price of Blue Apron Class A Common Stock, net of market and industry effects:

| Alleged Corrective Disclosure Date | Company-Specific Stock Price Decline |
|---|---|
| July 26, 2017 | $0.68 |
| August 10, 2017 | $1.07 |
| November 2, 2017 | $0.89 |
| **Total** | **$2.64** |

Accordingly, if a share of Blue Apron Class A Common Stock was sold before July 26, 2017, or both purchased and sold between two alleged Corrective Disclosure Dates, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the Plan of Allocation.

A Recognized Loss will be calculated for each share of Blue Apron Class A Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, June 29, 2017 through August 25, 2017, both dates inclusive). For purposes of the Plan of Allocation, all purchases of Blue Apron Class A Common Stock that occurred during the period June 29, 2017 through August 25, 2017, both dates inclusive, that are listed in the Proof of Claim form and for which adequate documentation is provided, will be deemed traceable to the IPO registration statement and eligible for treatment as a Section 11 claim.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Blue Apron Class A Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Blue Apron Class A Common Stock**

For each share of Blue Apron Class A Common Stock purchased during the period June 29, 2017 through August 25, 2017, both dates inclusive, the Recognized Loss per share shall be calculated as follows:

I. For each share that was sold prior to July 26, 2017, the Recognized Loss per share is $0.

II. For each share that was purchased prior to July 26, 2017 and

   a. subsequently sold during the period July 26, 2017 through August 9, 2017, both dates inclusive, the Recognized Loss per share is *the lesser of*:

      i. $0.68; or

      ii. $10.00 (*i.e.*, the IPO offering price) *minus* the sale price; or

      iii. the purchase price *minus* the sale price.

   b. subsequently sold during the period August 10, 2017 through August 16, 2017, both dates inclusive, the Recognized Loss per share is *the lesser of*:

      i. $1.75; or

ii. $10.00 (*i.e.*, the IPO offering price) *minus* the sale price; or

iii. the purchase price *minus* the sale price.

c. subsequently sold during the period August 17, 2017 through November 1, 2017, both dates inclusive, the Recognized Loss per share is *the lesser of*:

i. $1.75; or

ii. $10.00 (*i.e.*, the IPO offering price) *minus* the greater of the sale price or $5.39; or

iii. the purchase price *minus* the greater of the sale price or $5.39.

d. held as of November 2, 2017, the Recognized Loss per share is *the lesser of*:

i. $2.64; or

ii. $10.00 (*i.e.*, the IPO offering price) *minus* the greater of the sale price or $5.39; or

iii. the purchase price *minus* the greater of the sale price or $5.39.

III. For each share that purchased during the period July 26, 2017 through August 9, 2017, both dates inclusive, and

a. subsequently sold prior to August 10, 2017, the Recognized Loss per share is $0.

b. subsequently sold during the period August 10, 2017 through August 16, 2017, both dates inclusive, the Recognized Loss per share is *the lesser of*:

i. $1.07; or

ii. $10.00 (*i.e.*, the IPO offering price) *minus* the sale price; or

iii. the purchase price *minus* the sale price.

c. subsequently sold during the period August 17, 2017 through November 1, 2017, both dates inclusive, the Recognized Loss per share is *the lesser of*:

i. $1.07; or

ii. $10.00 (*i.e.*, the IPO offering price) *minus* the greater of the sale price or $5.39; or

iii. the purchase price *minus* the greater of the sale price or $5.39.

d. held as of November 2, 2017, the Recognized Loss per share is *the lesser of*:

i. $1.96; or

ii. $10.00 (*i.e.*, the IPO offering price) *minus* the greater of the sale price or $5.39; or

iii. the purchase price *minus* the greater of the sale price or $5.39.

IV. For each share that was purchased during the period August 10, 2017 through August 25, 2107, both dates inclusive, and

a. subsequently sold prior to November 2, 2017, the Recognized Loss per share is $0.

b. held as of November 2, 2017, the Recognized Loss per share is *the lesser of*:

i. $0.89; or

ii. the purchase price *minus* $5.39.

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Blue Apron Class A Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Blue Apron Class A Common Stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Notwithstanding any of the above, receipt of Blue Apron Class A Common Stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Blue Apron Class A Common Stock.

The first-in, first-out basis ("FIFO") will be applied to purchases, acquisitions and sales.

Settlement Class Period sales or acquisitions will be matched against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Blue Apron Class A Common Stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Blue Apron Class A Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Blue Apron Class A Common Stock on the date of exercise. Any Recognized Loss arising from purchases of Blue Apron Class A Common Stock acquired during the Settlement Class Period through the exercise of an option on Blue Apron Class A Common Stock[5] shall be computed as provided for other purchases of Blue Apron Class A Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $15.00.

---

[5] Including (1) purchases of Blue Apron Class A Common Stock as the result of the exercise of a call option, and (2) purchases of Blue Apron Class A Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs and Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Plaintiffs' Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $15.00, after payment of the estimated costs,

expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Plaintiffs' Counsel and approved by the Court.

**9. How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form on the Internet at www.BlueApronSecuritiesSettlement.com. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.BlueApronSecuritiesSettlement.com by 11:59 p.m. EST on ______ __, 202__; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than ________ __, 202__, to:

Blue Apron Holdings, Inc. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173025
Milwaukee, WI 53217

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the ______, 202__ deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators,

executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendant Parties any and all claims which arise out of, are based upon, or relate in any way to the purchase or acquisition of Blue Apron Class A Common Stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale, or ownership of Blue Apron Class A Common Stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11. How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number, and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *In re Blue Apron Holdings, Inc. Securities Litigation*, Case No. 17-cv-04846 (E.D.N.Y.)", and (B) states the date, number of shares, and dollar amount of each Blue Apron Class A Common Stock purchase or acquisition during the Settlement Class Period, and any sale transactions, and the number of shares of Blue Apron Class A Common Stock held by you as of August 25, 2017. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of Blue Apron Class A Common Stock during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the Blue Apron Class A Common Stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than _____ __, 202__, to the Claims Administrator at the following address:

Blue Apron Holdings, Inc. Securities Litigation
c/o A.B. Data, Ltd.

P.O. Box 173025
Milwaukee, WI 53217

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12. If I do not exclude myself, can I sue Defendants or the other Released Defendant Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, because you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13. Do I have a lawyer in this case?**

The Court appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Lead Counsel for the Class (collectively, "Plaintiffs' Counsel"), to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Plaintiffs' Counsel is provided below.

**14. How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore,

Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one third plus interest of the Settlement Amount ($4,416,666.67, plus interest), reimbursement of litigation expenses of no more than $125,000 and an Award to Lead Plaintiffs collectively not to exceed $40,000 (up to $10,000 each). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund. Plaintiffs' Counsel may choose to share part of any attorneys' fees awarded by the Court with Bronstein, Gewirtz & Grossman, LLC, Shaye Fuchs, Esq., Wolf Haldenstein Adler Freeman & Herz LLP, and Bottini & Bottini, Inc., in accordance with the level of their respective work and responsibility in the prosecution of the action. The choice of Plaintiffs' Counsel to share any of the attorneys' fees awarded by the Court is not subject to Court approval, and it will not influence the amount of attorneys' fees awarded to Plaintiffs' Counsel by the Court.

**15. How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, Plaintiffs' Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Blue Apron Holdings, Inc. Securities Litigation*, Case No. 17-cv-04846 (E.D.N.Y.). Be sure to include (1) your name, address, and telephone number, (2) a list of all purchases and sales of Blue Apron Class A Common Stock during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and

after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers, and briefs to **each** of the addresses listed below, to be received no later than _________ __, 202__:

| **Clerk of the Court** | **PLAINTIFFS' COUNSEL:** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| United States District Court<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, New York 11201 | Jeremy A. Lieberman, Esq.<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br><br>Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016 | Michael G. Bongiorno, Esq.<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007 |

**16. What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 202__, at __:__ __.m., at the United States District Court, Eastern District of New York, Courtroom 6H N, 225 Cadman Plaza East Brooklyn, New York 11201. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Lead Counsel will cause the Claims Administrator to update its website, on the page dedicated

to this Settlement, to note the telephonic or other virtual means for the Settlement Hearing.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Plaintiffs' Counsel for attorneys' fees and expenses and how much to award Lead Plaintiffs.

**18. Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between June 29, 2017 through August 25, 2017, both dates inclusive, you purchased, otherwise acquired, or sold Blue Apron Class A Common Stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address, if an email address is available, of each person or organization for whom or which you purchased such Blue Apron Class A Common Stock during such time period; (b) request an electronic copy of the Summary Notice and email the Summary Notice in electronic format to each beneficial owner for whom you are nominee or custodian within ten (10) days after receipt thereof; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the Blue Apron Class A Common Stock. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the

Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.05 per Summary Notice emailed, or $0.05 per name and address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above

DATED: _____________

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK