UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BLUE APRON HOLDINGS, INC. SECURITIES LITIGATION | No. 17-cv-04846-NGG-PK |
| | This Document Relates To: ALL ACTIONS |

# [~~PROPOSED~~] ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

IT IS HEREBY ORDERED THAT:

1. Lead Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits E and F to the Declaration of Eric Nordskog on Behalf of A.B. Data, Ltd. in Support of Lead Plaintiffs' Motion for Distribution of Class Action Settlement Funds (the "Nordskog Declaration"), at the direction of Class Counsel, Pomerantz LLP and The Rosen Law Firm P.A., pursuant to the Amended Stipulation and Agreement of Settlement filed with the Court on November 13, 2020 (the "Stipulation") (Dkt No. 83) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred as of May 11, 2022, the cut-off date used to finalize the administration based on the Nordskog Declaration, and after which date no additional Proofs of Claim would be processed or considered for inclusion in the Initial Distribution of the Net Settlement Fund.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Class Counsel and the Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), are

released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER DISTRIBUTION DATE." Class Counsel and A.B. Data are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after A.B. Data has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution (whether by reason of tax refunds uncashed checks or otherwise), the Claims Administrator, shall, if feasible: (a) first, pay any amounts mistakenly omitted from the initial disbursement; (b) second, pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $15.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost effective, then the remaining funds, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be contributed to a non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the

Court.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

Dated: June 28, 2022

s/Nicholas G. Garaufis
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE