**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BLUE APRON HOLDINGS, INC. SECURITIES LITIGATION | No. 17-cv-04846-NGG-PK |
| | This Document Relates To: ALL ACTIONS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF LEAD PLAINTIFFS' MOTION FOR CY PRES DISTRIBUTION**
**OF REMAINING CLASS ACTION SETTLEMENT FUNDS**

**POMERANTZ LLP**
Jeremy A. Lieberman
Murielle J. Steven Walsh
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: mjsteven@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
Joshua Baker
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 2 |
| II. | THE COURT SHOULD APPROVE A CY PRES DISTRIBUTION TO THE INVESTOR JUSTICE AND EDUCATION CLINIC ....................................................... | 3 |
| | A. Legal Standard ................................................................................................ | 4 |
| | B. The IJEC is an Appropriate *Cy Pres* Recipient.............................................. | 4 |
| III. | CONCLUSION....................................................................................................... | 6 |

I.  **INTRODUCTION**

Lead Plaintiffs Christina Davis, Sanzhar Khussainov, Stephen Waugh, and Susan Finkel ("Plaintiffs" or "Lead Plaintiffs"), by and through their counsel, submit this motion requesting that the residual funds in the Settlement Fund be distributed to the *cy pres* recipient, the Investor Justice and Education Clinic ("IJEC"), and that both the fund and case be closed.  As set forth in the accompanying Declaration of Eric Nordskog on Behalf of A.B. Data, Ltd. in Support of Lead Plaintiffs' Motion for Cy Pres Distribution of Remaining Class Action Settlement Funds (the "Nordskog Declaration"), and pursuant to the Order Granting Lead Plaintiff's Motion for Distribution of Class Action Settlement Funds ("Distribution Order") (ECF No 99), the Claims Administrator, A. B. Data Ltd. ("AB Data"), carried out an initial distribution of the Net Settlement Fund to Class Members, distributing substantially all of the available funds.  *See* Nordskog Decl. ¶¶2-4.

On August 12, 2022, AB Data sent Distribution payments to 2,270 Authorized Claimants in the total amount of $9,692,339.34.  Nordskog Decl. ¶4.  Subsequently, AB Data followed up with Authorized Claimants to ensure checks were cashed.  *Id*.  After this due diligence, AB Data prepared and performed a second distribution on May 17, 2023, to 121 eligible class members who had cashed their first distribution check and who received a check for more than $15.00.  As of the time of this filing, 2,201 eligible class members have received Distribution payments, and there are no outstanding checks.  *Id*.[1]

On April 21, 2025, AB Data received notice from nominee BMO Capital Markets ("BMO") that it had claimed for $27,928.26 on behalf of its clients without prior authorization

---

[1] Unless otherwise indicated, all capitalized terms shall have the meanings ascribed to them in the Settlement Stipulation (ECF No. 99-1) and the Final Judgment.

2

from its clients.  *See* Nordskog Decl. ¶5.  These funds were recovered by a third-party class action recovery service provider engaged by BMO and were never deposited into the clients' accounts.  *Id.*  These funds are currently being held by the service provider pending disposition of the funds.  *Id.*

After this return, the remaining funds in the account total $27,928.26.  *Id*. at ¶6.  After a final invoice for post-distribution work performed by AB Data of $2,500.00, the residual balance is $25,428.26.  *Id*.  Given the *de minimis* amount of funds remaining and the estimated costs associated with a second distribution, Lead Plaintiffs and AB Data have determined that it is not cost-effective to administer an additional distribution.  *Id.*

Therefore, Lead Plaintiffs seek the Court's approval to distribute all remaining funds to a *cy pres* recipient.  The Distribution Order directed all remaining funds that are not feasible or economical to reallocate be donated to a non-sectarian, not-for-profit organization to be recommended by Lead Counsel and approved by the Court.  ECF No. 99 at ¶8.  At Lead Counsel's recommendation, Plaintiffs seek the Court's approval to distribute the funds to the Howard University School of Law Investor Justice and Education Clinic ("IJEC"), Room G18, Notre Dame Hall, 2900 Van Ness Street, NW Washington, D.C. 20008.  Defendants take no position on this motion.

## II. THE COURT SHOULD APPROVE A CY PRES DISTRIBUTION TO THE INVESTOR JUSTICE AND EDUCATION CLINIC

As set forth above and pursuant to the Distribution Order, AB Data carried out the initial distribution of the Net Settlement Fund to Class Members.  Given the *de minimis* amount remaining in the fund, Plaintiff and AB Data have determined that it is not cost-effective to administer an additional distribution, and thus a *cy pres* distribution is appropriate.  Thus, pursuant to the Distribution Order, Plaintiffs respectfully request approval of Lead Counsel's recommendation for

3

a *cy pres* distribution to IJEC of unclaimed settlement funds.

### A.    Legal Standard

The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to indirectly benefit class members, where the *cy pres award* has a "direct and substantial nexus" to the interests of the class and "account[s] for the nature of the plaintiffs' lawsuit." *Hyland v. Navient Corp.*, 48 F.4th 110, 121 (2d Cir. 2022). "Courts routinely approve *cy pres* designations where the purpose of the organization is related to the purpose of the lawsuit." *Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548 (SHS) (RLE), 2013 WL 1316015, at *2 (S.D.N.Y. Mar. 29, 2013).

### B.    The IJEC is an Appropriate *Cy Pres* Recipient

The Court should approve IJEC as an appropriate *cy pres* recipient of unclaimed settlement funds because it accounts for the nature of the lawsuit, the objectives of the Securities Act and Exchange Act, and the interests of the silent class members.

#### 1. Nature of the Lawsuit

The complaint alleged that Defendants violated the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77k, *et seq*. ECF No. 55 at ¶¶178-90. Plaintiff sought to recover compensable damages caused by Defendants' alleged violations of the federal securities laws and to pursue remedies under Sections 11 and 15 of the Exchange Act. *Id*. Providing a *cy pres* award to IJEC to foster independent and unbiased investor protection falls in line with the nature of this lawsuit and the interests of the Settlement Class.

#### 2. Objective of the Statutes

The federal securities laws grew out of the public outcry for reform of the securities markets after the Great Depression, and Congress sought to regulate capital markets to protect

4

investors. The Securities Act was the first major federal legislation to regulate the sale of securities. Section 11 of the Securities Act is the primary anti-fraud statutory provision, creating a private right of action for untrue statements or omissions of material facts in registration statements. 15 U.S.C. §77k(a). Section 15 extends liability to any controlling person of a person liable under Section 11, as well as anyone who aids or abets violations. 15 U.S.C. 77o(a).

Plaintiffs and members of the class purchased Blue Apron's securities pursuant and/or traceable to the Company's initial public offering and were damaged by Defendants' inaccurate or misleading statements in the registration statement. IJEC is a program of a 501(c)(3) not-for-profit, Howard University School of Law, that represents underserved and indigent investors and develops the next generation of securities law attorneys. *The Clinical Law Center*, Howard University School of Law, https://law.howard.edu/academics/clinical-law-center (last visited September 12, 2024). IJEC opened in Fall 2010 when Howard University Law School received a selective grant from the FINRA Investor Education Foundation to fund the development of an investor protection and education clinical law program. *Id.* at *Investor Justice and Education Clinic (IJEC)*. IJEC provides instruction and practical experience in securities law and arbitration and mediation, through representing actual investor cases accepted by the clinic. *Id*. Participants also work to design and implement at least one investor outreach and outreach program for under-served investors each semester. *Id.* IJEC has been approved as a *cy pres* recipient in the past in securities settlements in the Eastern District of New York. Order Granting Plaintiffs' Motion for Distribution of Class Action Settlement Funds, *Chu v. BioAmber Inc.*, No. 2:17-cv-01531 (E.D.N.Y. Jun. 15, 2022), Dkt. No. 74; Order Granting Motion for Distribution of Class Action Settlement Funds, *Mikhlin v. Oasmia Pharm.*, No. 1:19-cv-04349 (E.D.N.Y. Mar. 22, 2022), Dkt. No. 50; Order Granting Distribution of Class Action Settlement Funds, *In re 3D Syss. Sec. Litig.*,

5

No. 1:21-cv-01920 (E.D.N.Y. Apr 09, 2021), Dkt. No. 80.

### 3. Interest of Silent Class Members

The interests of the silent class members would be advanced through a *cy pres* award to IJEC.  The *cy pres* funds distributed to IJEC would be used to advance its own programs and contribute to its efforts in representing and underserved investors, as well as developing the future securities law bar.  The funds will indirectly benefit class members by providing additional resources to support educational initiatives that will protect the investing public from fraud and provide low-cost access to legal resources.  Accordingly, IJEC is an appropriate *cy pres* recipient and Lead Plaintiffs' motion should be granted.

## III. CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Lead Plaintiffs' Motion for Cy Pres Distribution of Class Action Settlement Funds submitted herewith.

Dated: September 3, 2025

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*_____
Jeremy A. Lieberman
Murielle J. Steven Walsh
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: mjsteven@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
Joshua Baker

             275 Madison Ave., 40th Floor
             New York, New York 10016
             Telephone: (212) 686-1060
             Fax: (212) 202-3827
             Email: pkim@rosenlegal.com
             Email: lrosen@rosenlegal.com
             Email: jbaker@rosenlegal.com

             *Lead Counsel for Plaintiffs and the Settlement Class*

## CERTIFICATE OF SERVICE

I, Murielle J. Steven Walsh, hereby certify that on September 3, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Murielle J. Steven Walsh*
Murielle J. Steven Walsh
